DOCKET NO. 467

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ARTHUR TREACHER'S FRANCHISEE LITIGATION

TRANSFER ORDER*

This litigation consists of nine actions pending in five districts as follows:

| Eastern District of Pennsylvania | 4 actions |
| District of Maryland | 2 actions |
| Eastern District of New York | 1 action |
| Southern District of New York | 1 action |
| Northern District of Ohio | 1 action |

Presently before the Panel is a motion brought by twelve franchisees of Arthur Treacher's Fish & Chips, Inc. (Treacher), at least one of whom is either a plaintiff or a defendant in all but one of the actions, to centralize the actions in a single forum for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407.  Treacher and its parent corporation, Mrs. Paul's Kitchens, Inc. (Mrs. Paul's), at least one of which is also a plaintiff or defendant in all the actions, support centralization of the nine actions in the Eastern District of Pennsylvania.  No responding party opposes transfer, but the franchisee movants urge that the decision to centralize the actions in this litigation should not be effectuated with respect to certain of the constituent actions until the transferor courts in those actions have rendered a decision on pending motions for preliminary injunctive relief and/or temporary restraining orders.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under 28 U.S.C. §1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All or most of the actions involve common questions concerning 1) standard form contracts which Treacher required its franchisees to sign and alleged breaches of those contracts by Treacher or franchisees; 2) alleged violations of the antitrust laws committed by Treacher and Mrs. Paul's; and 3) allegations of intentional common law torts perpetrated by Treacher, Mrs. Paul's and/or franchisees.  Transfer under Section 1407 is necessary in order to avoid duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

* Judge Fred Daugherty took no part in the decision of this matter.

We decline to follow the franchisee movants' suggestion
that transfer of certain actions be delayed until certain
motions have been adjudicated by the respective judges before
whom each action is currently pending.  These motions can
be presented to and decided by the transferee judge after
transfer.  Deferral of transfer would not promote judicial
efficiency and would create the risk that the courts involved
would arrive at inconsistent results.  See, e.g., In re
New Mexico Natural Gas Antitrust Litigation, 482 F. Supp.
333, 336 (J.P.M.L. 1979).

The Eastern District of Pennsylvania is clearly the
preferable transferee district for this litigation.  We
note that 1) four of the nine actions are already pending
there; 2) extensive hearings and discovery have already
occurred in one of the Pennsylvania actions in connection
with preliminary injunction motions; 3) Mrs. Paul's and
Treacher, the only party common to all the actions, maintain
their principal places of business in the Eastern District
of Pennsylvania, and therefore many documents and witnesses
will be located there; and 4) the Eastern District of Pennsyl-
vania is centrally located with respect to the actions presently
pending elsewhere in this litigation.  Accordingly, we conclude
that the Eastern District of Pennsylvania is the nexus of
this litigation and that that district will be most convenient
for the greatest number of parties and counsel.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C.
§1407, the actions listed on the attached Schedule A and
pending in districts other than the Eastern District of
Pennsylvania be, and the same hereby are, transferred to
the Eastern District of Pennsylvania and, with the consent
of that court, assigned to the Honorable John B. Hannum
for coordinated or consolidated pretrial proceedings with
the actions pending in that district and listed on Schedule
A.

FOR THE PANEL:

_____
Andrew A. Caffrey
Chairman

DOCKET NO. 467

SCHEDULE A

Eastern District of New York
Hager Inc. v. Arthur Treacher's Fish & Chips, Inc., et al.,
C.A. No. 81C0788
Southern District of New York
Magnesco Restaurants, Inc. v. Arthur Treacher's Fish
& Chips, Inc., et al., C.A. No. 81 Civ 1687
District of Maryland
Irena Management, Inc., et al. v. Arthur Treacher's Fish
& Chips, Inc., et al., C.A. No. H-81-576
Clipper Foods, Inc. v. Arthur Treacher's Fish & Chips,
Inc., et al., C.A. No. H-81-520
Northern District of Ohio
KIZ Fish & Chips, Inc. v. Arthur Treacher's Fish & Chips,
Inc., et al., C.A. No. C81-516
Eastern District of Pennsylvania
Arthur Treacher's Fish & Chips, Inc. v. A&B Management
Corp., et al., C.A. No. 80-3378
Arthur Treacher's Fish & Chips, Inc. v. Georgios D.
Martinos, et al. v. Mrs. Paul's Kitchens, Inc., C.A.
No. 80-2701
Arthur Treacher's Fish & Chips, Inc. v. Arthur Treacher's
Franchisee Association, et al., C.A. No. 80-3625
Arthur Treacher's Fish & Chips, Inc. v. Arthur Treacher's
Franchisee Association, et al., C.A. No. 81-1085